

**SOCIAL SECURITY ADMINISTRATION**

Office of Hearings Operations
Office of the Regional Chief Administrative Law Judge
61 Forsyth Street SW Suite 20T10
Atlanta, GA 30303
Phone: (404) 562-1182
Fax: (833) 586-0166

Michael Sullivan, Esquire
1500 Story Ave
Louisville, KY 40206

### NOTICE OF ADMINISTRATIVE REVIEW DETERMINATION

Enclosed please find an order regarding the administrative review of the authorized fee in the case of ███████████████████████████████. The order sets forth the reason for the determination as well as what, if any, further steps are necessary.

Sincerely,

Mario G. Silva
Assistant Regional Chief Administrative Law Judge

cc: 

Fort Myers Office of Hearings Operations
Suite 210
3650 Colonial Blvd
Fort Myers, FL 33966

Social Security Administration
Rm 101
601 W Broadway
Louisville, KY 40202

Southeastern Program Service Center
1200 Reverend Abraham Woods Jr Blvd
Birmingham, AL 35285

Enclosure

SOCIAL SECURITY ADMINISTRATION
Office of Hearings Operations

ORDER OF THE REGIONAL CHIEF ADMINISTRATIVE LAW JUDGE
AUTHORIZED FEE AFTER ADMINISTRATIVE REVIEW

**IN THE CASE OF**                                          **CLAIM FOR**

_____                                      Supplemental Security Income
(Claimant)


_____                                      _____
(Wage Earner)                                               (Beneficiary Notice Control Number)

I authorize Michael Sullivan to charge and collect a fee in the amount of $372.50 for services provided to the claimant and auxiliaries, if any, for proceedings before the Social Security Administration (SSA). The authorized fee does not include any out-of-pocket expenses (for example, costs to obtain copies of medical or hospital reports), which is a matter between the claimant and the representative.

The rationale for the authorized fee is as follows:

Administrative Law Judge Northington issued a favorable decision on July 24, 2024, which contained an order disapproving the fee agreement. Thereafter, the representative filed a fee petition, requesting a fee of $600.00 for services provided in the above-referenced claim(s). On February 3, 2025, the Administrative Law Judge authorized a fee of $372.50 for the representative's services. In the fee authorization, the Administrative Law Judge reviewed the factors set forth in Hearings, Appeals and Litigation Law (HALLEX) manual I-1-2-57 and decreased the requested fee due to the claimant's economic circumstances, the time spent, and the complexity of the case.

By letter dated February 12, 2025, the representative requested administrative review of the fee amount authorized by the Administrative Law Judge. The request for review states that the requested amount was less than the amount withheld, it takes great competence to complete an application, he did spend the time itemized, and an hourly rate of less than $100.00 per hour is not sustainable.

According to our policy, the reviewing official ordinarily modifies (i.e., increases or decreases) the initial fee, if the initial fee authorization was based upon a clear error of fact or law, or new and material information is submitted to the reviewer. The reviewing official must not modify the initial fee authorization solely because one of the parties has protested, or merely to substitute

the judgment of the reviewer for the judgment of the original authorizer (see Hearings, Appeals and Litigation Law (HALLEX) manual I-1-2-61).

I reviewed the fee petition, request for review, and all other relevant information in the record. I also considered the regulatory factors found in 20 CFR 416.1525 and HALLEX I-1-2-57. Based on my review, I affirm the fee amount previously authorized by Administrative Law Judge Northington because it is reasonable based on the skills, ability, and time spent working on this case. Administrative Law Judge Northington correctly considered all factors and I find no clear error of fact or law or new and material evidence which would provide a reason for a change in the fee amount.

In response to the representative's concerns, there were two appointed representatives in this case, both of whom filed fee petitions. The total amount of the requested fees exceeded the amount withheld. In addition, while, perhaps, the Administrative Law Judge could have chosen better words (instead of "minimal skills and competence" and "allegedly spent"), the representative only represented the claimant for a few months and was discharged before the initial determination was made. Furthermore, several of the time entries were telephone calls and document copies representing clerical work. Finally, the fee is based upon the factors set forth in HALLEX I-1-2-57, not an hourly rate.

In reviewing the factors, the total authorized fees in this case are consistent with the purpose of the program, to assure a minimum level of income. The claimant was found to be in dire need and the claimant's economic circumstances justify limited the amount of fees paid. In addition, while the representative assisted the claimant in filing his initial application, the representative was discharged after only a few months before any results were obtained. A different representative appealed the claimant's denials and represented at his administrative law judge hearing where a favorable result was obtained. Furthermore, several of the time entries were for clerical work (assembling the intake packet and related questions, setting up the file, and mailing forms), which did not require a high level of legal skill or competence. Overall, Administrative Law Judge Northington correctly considered all the factors and the authorized fee of $372.50 is reasonable.

As provided in 20 CFR 416.1520(d)(1), this determination is final, and **no further review or appeal is available**. We are sending copies of this determination to all parties.

The paragraph(s) below refers to payment of the representative's authorized fee.

If the representative is eligible for direct payment pursuant to the regulations at 20 CFR 416.1517 and 416.1530, and the case results in past-due benefits for title II, title XVI, or both, the appropriate office will directly pay the authorized fee out of the past-due benefits. If the representative is not eligible for direct payment, if we did not withhold past-due benefits to pay the fee, or if direct payment does not cover the total authorized fee, the outstanding balance is a matter for the representative and the claimant to resolve. We will also charge the representative the assessment required by § 1631(d)(2)(C) of the Social Security Act. The representative cannot charge or collect this expense from the claimant. Please send any questions about the status of the payment to the office that issued the claimant's award letter.

AUTHORIZING OFFICIAL

*Mario G. Silva*
Mario G. Silva
Assistant Regional Chief Administrative Law Judge

*May 23, 2025*
Date