UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| MICHAEL P. SULLIVAN, <br> d/b/a Sullivan Law Office <br><br> Plaintiff, <br><br> v. <br><br> FRANK BISIGANO, <br> Commissioner of Social Security <br><br> Defendant. | ) <br> ) <br> ) Civil Action No. 3:25-CV-00366-CHB <br> ) <br> ) <br> ) <br> ) <br> ) **MEMORANDUM OPINION AND** <br> ) **ORDER** <br> ) <br> ) <br> ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Defendant Frank Bisigano's ("Commissioner") Motion to Dismiss ("Motion") for lack of jurisdiction and failure to state a claim upon which relief can be granted. [R. 4]. Plaintiff Michael P. Sullivan responded in opposition, [R. 5], and the Commissioner replied, [R. 6]. For the following reasons, the Court will grant the Commissioner's Motion and dismiss Sullivan's claims against the Commissioner.

I.     BACKGROUND

Through this action, Sullivan seeks judicial review of the Commissioner's final decision of a fee determination awarded to Sullivan for his legal representation of a claimant before the Social Security Administration ("Administration"). [R. 1, pp. 1–2]. The material facts are not in dispute. *Compare* [R. 1, pp. 1–2 (complaint)], *with* [R. 4, pp. 3–5 (Motion's factual background section)]. Sullivan represented a claimant before the Administration for a brief period but was discharged when the claimant hired other representation. [R. 1, pp. 1–2]. After the claimant ultimately succeeded in his claim, Sullivan sought $600 for his partial representation of the claimant, but the Administrative Law Judge ("initial ALJ") only awarded $372.50 pursuant to 42

U.S.C. § 406(a)(1). [R. 1, p. 2]. Sullivan then appealed the initial ALJ's decision to Associate Regional Chief ALJ Mario G. Silva ("ALJ Silva"), who thereafter affirmed the $372.50 fee determination. *Id.*; [R. 1-2]. ALJ Silva concluded that the initial ALJ had correctly considered all relevant factors under 20 C.F.R. § 416.1525(b)(1) for the fee determination including the claimant's economic circumstances, Sullivan's time spent, and the complexity of the case. [R. 1-2, pp. 2–3]. ALJ Silva further noted that Sullivan only represented the claimant for a few months before any results were obtained and that "several of the time entries were for clerical work . . . which did not require a high level of legal skill or competence." *Id.* at 3. ALJ Silva found that the initial ALJ's fee determination was reasonable and "consistent with the purpose of the program, to assure a minimum level of income." *Id.* Citing 20 C.F.R. § 416.1520(d)(1), ALJ Silva noted that "this determination is final, and no further review or appeal is available." *Id.*

Sullivan then filed this case seeking judicial review of the final decision by the Administration because—as Sullivan claims—the fee determination was "arbitrary, capricious, unsupported by the substantial evidence of record, and in violation of the governing law and regulations." [R. 1, p. 2]. The Commissioner filed a Motion to Dismiss, [R. 4], Sullivan responded in opposition, [R. 5], and the Commissioner replied, [R. 6]. The matter stands submitted for review.

## II.     LEGAL STANDARD

### A.     Lack of Subject Matter Jurisdiction

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a party may seek the dismissal of an action for lack of subject matter jurisdiction. The moving party may either attack the claim of jurisdiction on its face, as is the case here, or it can attack the factual basis of jurisdiction. *Golden v. Gorno Bros.*, 410 F.3d 879, 881 (6th Cir. 2005). A facial attack "questions merely the sufficiency of the pleading." *O'Bryan v. Holy See*, 556 F.3d 361, 375 (6th Cir. 2009). "A facial attack goes to

the question of whether the plaintiff has alleged a basis for subject matter jurisdiction, and the court takes the allegations of the complaint as true for purposes of Rule 12(b)(1) analysis." *Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014).

Alternatively, a factual attack challenges the factual existence of subject matter jurisdiction. *Id.* In the case of a factual attack, a court has broad discretion with respect to what evidence to consider in deciding whether subject matter jurisdiction exists, including evidence outside of the pleadings, and has the power to weigh the evidence and determine the effect of that evidence on the court's authority to hear the case. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994).

Importantly, when faced with a Rule 12(b)(1) challenge, the plaintiff bears the burden of establishing subject-matter jurisdiction in order to survive the motion. *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). The plaintiff cannot meet this burden through unsupported assertions, as "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *O'Bryan*, 556 F.3d at 376 (citations omitted).

### B. Failure to State a Claim

Under Federal Rule of Civil Procedure 12(b)(6), a party may move for dismissal for "failure to state a claim upon which relief may be granted." To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is "plausible on its face" if the factual allegations in the complaint "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). This

standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

Determining if a complaint sufficiently alleges a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). Further, "[t]he complaint is viewed in the light most favorable to [Plaintiff], the allegations in the complaint are accepted as true, and all reasonable inferences are drawn in [Plaintiff's] favor." *Gavitt v. Born*, 835 F.3d 623, 639–40 (6th Cir. 2016) (citing *Jelovsek v. Bredesen*, 545 F.3d 431, 434 (6th Cir. 2008)).

### III. ANALYSIS

The Commissioner provides two arguments for why Sullivan's claim should be dismissed: (1) the Court lacks subject matter jurisdiction over this claim because, under Sixth Circuit precedent, the amount of a fee determination at the administrative level is a matter committed to agency discretion by law under 5 U.S.C § 701(a)(2); and (2) Sullivan's claim is inadequately pled under Rule 12(b)(6). [R. 4, pp. 5–7]. In his response, Sullivan posits an additional theory for the Court's jurisdiction. Namely, he argues that the Court has mandamus jurisdiction over his claim pursuant to 28 U.S.C. § 1361. [R. 5, pp. 3–4]. The Court will consider each in turn. As explained below, the Court lacks subject matter jurisdiction over Sullivan's claim, and even if it had jurisdiction, the complaint fails to state a claim upon which relief can be granted. The case must therefore be dismissed.

###    A.    Lack of Subject Matter Jurisdiction

The Commissioner argues that the case must be dismissed under Rule 12(b)(1) because the Court lacks subject matter jurisdiction over Sullivan's claim. [R. 4, pp. 5–6]. It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). The party who seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case. *Kokkonen*, 511 U.S. at 377. The complaint ostensibly invokes the Court's federal-question jurisdiction pursuant to 28 U.S.C. § 1331. *See* [R. 1, p. 1–2]. Under § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

####    1.    Jurisdiction Under the APA

The complaint "seeks review under the Administrative Procedure Act [("APA")] of a final decision of the Commissioner of Social Security," [R. 1, p. 1], alleging that the final decision was "arbitrary, capricious, unsupported by the substantial evidence of record, and in violation of the governing law and regulations." *Id.* at 2. Sullivan argues that judicial review is appropriate under 5 U.S.C. § 704. [R. 1, p. 2].

The APA establishes a basic presumption of judicial review for a plaintiff who has suffered a legal wrong because of agency action. *Abbott Laboratories v. Gardner*, 387 U.S. 136, 140 (1967), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977); *see also* 5 U.S.C. § 706(2); § 704. This presumption is a strong one, and an "agency bears a 'heavy burden' in proving that Congress intended to preclude all judicial review." *Duncan v. Muzyn*, 833 F.3d 567,

576 (6th Cir. 2016) (quoting *Mach Mining, LLC v. EEOC*, 575 U.S. 480, 486 (2015)). Review is not available, however, when the agency action is "committed to agency discretion by law." § 701(a)(2); *Madison-Hughes v. Shalala*, 80 F.3d 1121, 1128 (6th Cir. 1996).

"Section 701(a)(2) has caused confusion and controversy since its inception." *Barrios Garcia v. U.S. Dep't of Homeland Sec.*, 25 F.4th 430, 445 (6th Cir. 2022) (internal quotations and citations omitted). A literal interpretation of § 701(a)(2) would preclude judicial review of any agency exercise of discretion, *see Barrios Garcia*, 25 F.4th at 445 (citing *Heckler v. Chaney*, 470 U.S. 821, 829 (1985)), which conflicts with the APA's instruction to set aside agency actions that are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." § 706(2)(A). Considering that § 701(a)(2) clearly contemplates judicial review of some discretionary agency actions, the Supreme Court has narrowed § 701(a)(2) to apply only if the statute does not provide a "meaningful standard against which to judge the agency's exercise of discretion." *Chaney*, 470 U.S. at 830. Accordingly, if the statute does not provide a meaningful standard, review is unavailable as the agency action would be committed to agency discretion by law. *See Madison-Hughes*, 80 F. 3d at 1127. "A meaningful standard does not exist where the applicable law is so broadly drawn that the court has no standard of substantive priorities against which to measure an agency's discretion." *Id.* (citing *Cmty. Action of Laramie Cnty., Inc. v. Bowen*, 866 F.2d 347, 353 (10th Cir. 1989)); *see also Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 410 (1971) (noting that § 701(a)(2) applies "in those rare instances where 'statutes are drawn in such broad terms that in a given case there is no law to apply'"), *abrogated on other grounds by Califano*, 430 U.S. at 105.

The Commissioner argues that Sullivan's APA claim is squarely foreclosed by § 701(a)(2) under Sixth Circuit precedent. [R. 4, pp. 5–6]. The Court agrees. The Sixth Circuit has held that

"the setting of legal fees for administrative representation of [] social security claimants" is committed to the Commissioner's discretion under 42 U.S.C. § 406(a), and thus, judicial review is foreclosed by 5 U.S.C. § 701(a)(2). *McCarthy v. Sec'y of Health & Hum. Servs.*, 793 F.2d 741, 742 (6th Cir. 1986); *Schneider v. Richardson*, 441 F.2d 1320, 1321 (6th Cir.), *cert. denied*, 404 U.S. 872 (1971). In *McCarthy*, the Sixth Circuit held that since judicial review is precluded under the statute and no other statutory basis exists permitting judicial review, the "plaintiff must look to the Secretary for reconsideration" of the fee determination. *McCarthy*, 793 F.2d at 743. "This claim is beyond review by the federal courts." *Id.* at 742; *see also Buchanan v. Apfel*, 249 F.3d 485, 491 (6th Cir. 2001) (citing *id.* at 742–43) ("[T]he reasonableness of the fee determination at the administrative level is beyond the review of this court.").

Sullivan does not contest this understanding of *McCarthy* but instead argues that it is not "current law." [R. 5, pp. 1–3]. Sullivan contends that the Supreme Court's decision in *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024) "directly reversed" *McCarthy*. *Id.* at 2–3. In support of this conclusion, Sullivan states that the Supreme Court has now mandated that "Courts must review all administrative agency decisions without undue deference." *Id.* at 2. Sullivan misapplies *Loper Bright*.

*Loper Bright* overturned the *Chevron* doctrine which required courts exercising judicial review to give "substantial deference" to agency interpretations of ambiguous statutes. 603 U.S. at 412–13; *see also id.* at 379 (discussing the *Chevron* framework). Consequently, courts exercising judicial review "must exercise their independent judgment in deciding whether an agency has acted within its statutory authority, as the APA requires." *Id.* at 412; *see also Seldon v. Garland*, 120 F.4th 527, 531 (6th Cir. 2024) (discussing the new standard of de novo review required by *Loper Bright*). *McCarthy*, however, did not rely on the *Chevron* framework. *See*

*generally McCarthy*, 793 F.2d at 742–43.[1] Instead, the issue in *McCarthy*—and the issue in this case—is whether in the first instance a matter is committed to agency discretion such that judicial review is precluded entirely. *Loper Bright* did not decide that question, and in fact made no mention of when judicial review is available. *See Loper Bright*, 603 U.S. at 412–13. Instead, *Loper Bright* decided what measure of deference should be afforded to agency interpretations of statutes on matters that *are* subject to judicial review.

Sullivan's argument that *McCarthy* is no longer "current law," [R. 5, p. 1–3], assumes that *Loper Bright* impacted the APA's structure for the availability of judicial review under § 701(a)(2). But this assumption is misplaced. Instead, the Supreme Court made clear that its decision was in accordance with "the traditional conception of the judicial function that the APA adopts." 603 U.S. at 395–96. *Loper Bright* makes no mention or decision on when judicial review is available under the APA. *See id.* at 412–13.

Sullivan's argument that *Loper Bright* requires that "Courts must review all administrative agency decisions without undue deference," [R. 5, p. 2], is only applicable when judicial review is actually available. But when a given statute precludes judicial review under § 701(a)(2), then the issue is a matter of jurisdiction, not deference. *McCarthy*, 793 F.2d at 742–43. That jurisdictional structure is established under § 701(a)(2) and remains undisturbed by *Loper Bright*. Consequently, the Court lacks jurisdiction to review the Commissioner's fee determination, and the case must be dismissed under Rule 12(b)(1).

### 2.     Mandamus Jurisdiction Under 28 U.SC. § 1361

For the first time in his response, Sullivan alternatively argues that the Court has mandamus jurisdiction under 28 U.S.C. § 1361. *Compare* [R. 1, pp. 1–2 (complaint)], *with* [R. 5, pp. 3–4

---

[1] Further, even if *McCarthy* had relied on *Chevron*, the Supreme Court made clear in its opinion that "we do not call into question prior cases that relied on the *Chevron* framework." *Loper Bright*, 603 U.S. at 412.

(response)]. The complaint never mentions mandamus jurisdiction nor alleges that the Commissioner violated a nondiscretionary duty. *See* [R. 1, pp. 1–2]. Sullivan cannot amend his complaint through claims raised solely in his response to the Motion. *Desparois v. Perrysburg Exempted Vill. Sch. Dist.*, 455 F. App'x 659, 666 (6th Cir. 2012) (citations omitted) ("[A] plaintiff may not expand his claims to assert new theories for the first time in response to a summary judgment motion."); *Faber v. Smith*, No. 17-2523, 2018 WL 6918704, at *2 (6th Cir. June 6, 2018) (denying claims raised for the first time in a motion to dismiss because "[a] plaintiff cannot raise new legal claims in response to a dispositive motion filed by the defendant"), *reh'g denied* (June 28, 2018). And any claim seeking to invoke the Court's jurisdiction must be found on the face of the complaint. Fed. R. Civ. P. 8(a)(1) (stating that the complaint "must contain a short and plain statement of the grounds for the court's jurisdiction"); *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987) (citation omitted) ("It is long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law.").

Even considering the mandamus argument, it fails on the merits. Under 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Jurisdiction under § 1361 "is inextricably bound with the merits of whether a writ of mandamus should issue; in order to establish either jurisdiction or entitlement to the writ, a court must find that a duty is owed to the plaintiff." *Carson v. U.S. Off. of Special Couns.*, 633 F.3d 487, 491 (6th Cir. 2011) (citing *Maczko v. Joyce*, 814 F.2d 308, 310 (6th Cir. 1987)). "The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Carson*, 633 F.3d at 491 (internal quotations omitted) (quoting *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980)).

To establish mandamus jurisdiction under § 1361, Sullivan must establish "that (1) he has exhausted all available administrative remedies and (2) the Commissioner violated a 'clear, nondiscretionary duty' owed to [him]." *Buchanan*, 249 F.3d at 491 (quoting *Heckler v. Ringer*, 466 U.S. 602, 616 (1984); *see also Nelson v. United States*, 107 F. App'x 469, 471 (6th Cir. 2004) (stating that a petitioner must establish that "(1) he has a clear right to relief; (2) the defendant has a clear, non-discretionary duty to act; and (3) there is no other adequate remedy available"); *Carson*, 633 F.3d at 491 (same). However, "[m]andamus is not an appropriate remedy if the action that the petitioner seeks to compel is discretionary." *Carson*, 633 F.3d at 491.

Sullivan alleges that the fee determination was arbitrary and capricious, not that the Commissioner violated a nondiscretionary duty in calculating the fee. *See* [R. 1, pp. 1–2]. In his response, Sullivan cites to *Buchanan* to argue that "the [Sixth Circuit] found that it had jurisdiction under 28 U.S.C. [§] 1361 to determine whether the Commissioner's action in determining a fee review question substantially similar to that presented by Plaintiff in this case violated the Commissioner's own regulatory factors as outlined in 20 CFR 404.1725 and 416.1525." [R. 5, p. 3].

*Buchanan* is plainly distinguishable. In *Buchanan*, the Sixth Circuit found mandamus jurisdiction because the Commissioner wholly failed to apply the factors specified and required by 20 CFR § 404.1725(b) and § 416.1525(b) and instead instituted a blanket fee cap. *Buchanan*, 249 F.3d at 492. As Sullivan concedes, [R. 5, p. 3], and the Commissioner's reply points out, [R. 6, p. 3], the complaint never identifies any specific alleged regulatory violations. And in fact, ALJ Silva considered the exact factors that were ignored by the ALJ in *Buchanan* when reaching his decision. [R. 1-2, pp. 2–3]. Consequently, the complaint fails to even allege, much less make a "showing," that the Commissioner violated a nondiscretionary duty in determining Sullivan's fee

award. Accordingly, 28 U.S.C. § 1361 is not a valid basis for the Court's jurisdiction, and the case must be dismissed for lack of subject matter jurisdiction.

### B.     Failure to State a Claim

The Commissioner's motion also argues that the case should be dismissed under Rule 12(b)(6) for Sullivan's failure to state a claim upon which relief can be granted. [R. 4, pp. 6–7]. Even assuming jurisdiction, and construed in the light most favorable to Sullivan, the complaint's speculative and conclusory allegation fails to state a plausible claim under 5 U.S.C. § 706(2)(A). The complaint first describes the initial ALJ's fee determination and ALJ Silva's decision affirming that determination. [R. 1, pp. 1–2]. Then, Sullivan's only allegation that the fee determination was arbitrary and capricious comes in the final section of the complaint where he states that "[t]he final decision of the Social Security Administration with respect to Plaintiff's fee petition is arbitrary, capricious, unsupported by the substantial evidence of record, and in violation of the governing law and regulations." This statement is a near-exact parroting of the text of § 706(2)(A). *Compare* [R. 1, p. 2 (complaint)], *with* § 706(2)(A) (APA arbitrary and capricious standard). The complaint asserts no further facts to establish a plausible claim for how this fee determination was arbitrary and capricious. *See* [R. 1].

Sullivan's response essentially concedes as much:

> *Plaintiff's complaint admittedly does not develop the specific failures by the Commissioner, but that is not necessary at the Complaint stage.* Having alleged that the Commissioner's delegate acted in a manner which was arbitrary, capricious, and not in conformity with the substantial evidence developed in the administrative record below, Plaintiff has sufficiently alleged that the decision was not the result of the proper consideration of the regulatory factors set out in 20 CFR 404.1725 and/or 416.1525.

[R. 5, p. 3] (emphasis added). Insofar as this is meant to be an argument against dismissal under Rule 12(b)(6), it is plainly incorrect. Sullivan's bare conclusory allegations in his complaint fail to

state a plausible claim for relief. *Iqbal*, 556 U.S. at 678; *see also Tri-Cnty. Concrete Co. v. City of N. Royalton*, No. 98-3262, 1999 WL 357789, at *4 (6th Cir. May 14, 1999) (holding for a § 1983 claim that "[b]ecause plaintiff's complaint contains only conclusory allegations that defendants acted arbitrarily and capriciously, the district court properly dismissed it for failure to state a claim upon which relief can be granted").

Consequently, Sullivan's complaint fails to state a claim, and the case must alternatively be dismissed under Rule 12(b)(6).

### IV. CONCLUSION

For the foregoing reasons, and the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** as follows:

1. The Defendant's Motion to Dismiss, **[R. 4]**, is **GRANTED**.

2. A separate judgment shall issue.

This the 30th day of October, 2025.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY